ORIGINAL

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 SEP 20  PM 12: 12

CLERK _____
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| DOUGLAS BRICE JORDAN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 306-073 |
| | ) | |
| ANTHONY WASHINGTON, Warden, and | ) | |
| GEORGIA DEPARTMENT OF | ) | |
| CORRECTIONS, | ) | |
| | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, a state prisoner currently incarcerated at Johnson State Prison in Wrightsville, Georgia, brought the captioned case pursuant to 28 U.S.C. § 2241. For the reasons herein, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED**.[1]

### I. BACKGROUND[2]

Petitioner was arrested on April 14, 2005, in Cobb County, Georgia, on a federal warrant for violating the terms of his supervised release. Miller, at 2. On April 15, 2005, Petitioner was transferred into the custody of the Douglas County Sheriff's Office. Id.

---

[1] As "it appears from the application that the applicant or person detained is not entitled" to the relief he seeks, the Court now makes its recommendation without directing the Government to respond to the instant petition. 28 U.S.C. § 2243.

[2] The Court cites liberally from the factual background set forth in Jordan v. Miller, 1:05cv1916, doc. no. 2, *adopted by*, doc. no. 4 (N.D. Ga. Sept. 19, 2005) (hereafter referred to as "Miller"), which dismissed Petitioner's previous § 2241 petition.

Pursuant to plea agreements, Petitioner received a sentence of ten (10) years from the Superior Court of Douglas County on May 31, 2005, and a sentence of three (3) years from the Superior Court of Columbia County on March 16, 2006. Id; (doc. no. 1, p. 13). The ten (10) year sentence was to be suspended upon completion of three (3) years of confinement. Miller, at 2. Petitioner states, and provides documentation to support, that the state sentencing court intended to have his state sentence run concurrently with any federal sentence he may receive for his supervised release violation. Id; (doc. no. 1, p. 6). Petitioner asserts, based upon the terms of his state sentence and the fact that his arrest was on a federal warrant, that the Court should order him transferred to federal custody. (Doc. no. 1, p. 16).

## II. DISCUSSION

First, it is doubtful that the Court may even entertain Petitioner's claim on the merits. Petitioner alleges that he filed an informal grievance regarding his sentence on April 14, 2006, and received no response other than a verbal communication from a counselor that "it had to be sent off." (Doc. no. 1, p. 13). This statement is insufficient to allege exhaustion of administrative remedies, which strips the Court of jurisdiction to hear his petition. See, e.g., Skinner v. Wiley, 355 F.3d 1293, 1295 (11th Cir. 2004) (*per curiam*); Gonzalez v. United States, 959 F.2d 211, 212 (11th Cir. 1992) (*per curiam*).

Furthermore, the Court notes that the docket sheet in Petitioner's criminal case, U.S. v. Jordan, 4:02-cr-024 (E.D. Mo. Jan. 17, 2002), does not reflect any pending or completed proceedings against Petitioner for violation of his supervised release, nor does he allege that this is the case. Thus, it appears Petitioner is requesting a transfer to federal custody without any charges pending against him or a federal sentence to serve. Additionally, Petitioner's

2

request for a transfer to federal custody has already been denied on the merits. Miller, at 5. As the ruling from the Northern District of Georgia pointed out, "[t]he determination by federal authorities that [a prisoner's] federal sentence . . . run consecutively to his state sentence is a federal matter which cannot be overridden by a state court provision for concurrent sentencing." Bloomgren v. Belaski, 948 F.2d 688, 691 (10th Cir. 1991). Thus, a transfer to federal custody would not guarantee that Petitioner's state and, presumably, subsequent federal sentence would be served concurrently.

### III. CONCLUSION

For the above reasons, the Court **REPORTS** and **RECOMMENDS** that the instant petition be **DISMISSED**.

SO REPORTED and RECOMMENDED this 20th day of September, 2006, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE