ORIGINAL

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

DUBLIN DIVISION

FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 OCT 24 P 12: 27

CLERK C Adams
SO. DIST. OF GA.

| | |
|---|---|
| DOUGLAS BRICE JORDAN, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>ANTHONY WASHINGTON, Warden, and )<br>GEORGIA DEPARTMENT OF )<br>CORRECTIONS, )<br>)<br>Respondents. ) | CV 306-073 |

### ORDER

After a careful, *de novo* review of the file, the Court concurs in part with the Magistrate Judge's Report and Recommendation (R&R), to which objections have been filed. Upon review of the objections in conjunction with original petition, it appears that Petitioner is actually attempting to challenge the constitutionality of his confinement in the state prison system, as well as requesting a transfer to federal custody so that he might concurrently serve his state sentence and any future federal sentence. Although the objections help to clarify Petitioner's claims, as discussed below, the Court agrees with the Magistrate Judge's conclusion that Petitioner is not entitled to habeas relief.

First, as the challenge to the constitutionality of Petitioner's confinement in the state prison system, he must first exhaust his available state remedies before seeking federal habeas corpus relief in this Court. Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003). Petitioner has not alleged that he filed a direct appeal in state court or pursued state habeas corpus relief. Thus, the challenge to the state conviction under which Petitioner is confined

in the state prison system should be dismissed without prejudice for failure to exhaust available state remedies. See 28 U.S.C. § 2254(b) & (c).

As to the request for a transfer to federal custody, Petitioner continues to assert that a prisoner who is originally arrested pursuant to a federal warrant, and subsequently transferred to state custody and convicted, cannot lawfully be held by state officials when his adjudged sentence was to be served concurrent with any federal sentence imposed for the federal violation.[1] However, federal authorities are not required to accept custody of Petitioner, nor must the federal courts accept the guidance of the state court which provided that his state sentence run concurrent with any subsequent sentence resulting from the violation of the terms of his supervised release.[2] See Jordan v. Miller, 1:05cv1916, doc. no. 2, p. 4, *adopted by*, doc. no. 4 (N.D. Ga. Sept. 19, 2005) (rejecting Petitioner's previous request for a transfer to federal custody).

In conclusion, the Report and Recommendation of the Magistrate Judge is **ADOPTED**, as modified herein, as the opinion of the Court. Therefore, Petitioner's challenge to his state court conviction is **DISMISSED** without prejudice, his request for transfer into federal custody is **DISMISSED** on the merits, and this civil action shall be **CLOSED**.

SO ORDERED this 24th day of October, 2006, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE

---

[1] As part of his objections, Petitioner submitted a document from the Georgia Department of Corrections acknowledging a request for detainer from the U.S. Marshal's Service. Thus, Petitioner has clarified the ambiguity identified by the Magistrate Judge concerning whether there were actually any federal charges pending against him.

[2] As Petitioner's claim on this point fails on the merits, the Court need not address Petitioner's argument that he exhausted his administrative remedies on this issue by submitting an informal grievance to which he never received a response.

2